UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RACZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DEAN BORDERS, Warden<br><br>　　　　　Respondent. | Case No. CV 17-02394-JVS (KES)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

　　On March 29, 2017, John Racz ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The Petition is the third habeas corpus petition that Petitioner has filed in this Court stemming from his 2007 state court conviction and sentence in Los Angeles County Superior Court, case no. BA320288.

　　Under Rule 4 of the Rules Governing Section 2254 Cases in the United States district Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a successive petition pursuant to 28 U.S.C. § 2244(b).

1

# I.
# BACKGROUND

## A. State Court Proceedings[1]

On August 22, 2007, a jury convicted Petitioner of the first degree murder of his wife. (Dkt. 1 at 2.) Petitioner was sentenced to imprisonment for 25 years to life. (Id.) Petitioner appealed, arguing insufficiency of the evidence, pretrial delay, confrontation clause violations, and the exclusion of relevant evidence. (Id. at 2-3.) The California Court of Appeal affirmed Petitioner's convicted on August 30, 2010. (Id. at 3.) The California Supreme Court denied further direct review on December 15, 2010. (Id.)

As relevant here, Petitioner filed a state habeas petition in the Los Angeles County Superior Court on June 29, 2015, claiming that he has discovered new evidence "indicating that the District Attorney of Los Angeles County had failed to turn over to the defense material that was required under Brady v. Maryland, 373 U.S. 83 (1983)." (Id. at 11.) The Petition was denied. Petitioner then raised the same claim in a habeas petition to the California Court of Appeal, which was denied on October 28, 2015. See Case no. B267771 (2015). On April 27, 2016, the California Supreme Court denied the petition without comment or citation to authority. See Case no. S231543.

## B. Prior Federal Habeas Petitions[2]

As relevant here[3], on September 25, 2012, Petitioner filed a federal habeas

---

[1] The Court takes judicial notice of the California Appellate Court's website. Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the internet)").

[2] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Petitioner brought an earlier federal habeas petition, assigned case no. 2:12-cv-05300-FMO. That petition was dismissed without prejudice for failure to

2

petition, which was assigned case no. 2:12-cv-08270-JVS-RNB. The petition challenged Petitioner's 2007 conviction in Los Angeles County Superior Court, case no. BA320288. The petition raised four claims arguing ineffective assistance of trial counsel, "cumulative, outrageous government misconduct," insufficiency of the evidence, and pretrial delay. (2:12-cv-08270-JVS-RNB, Dkt. 84 at 7 [Report and Recommendation].)

On March 28, 2014, the Magistrate Judge assigned to the case issued a Report and Recommendation recommending that the petition be dismissed on the merits. (Id. at Dkt. 84.) On August 24, 2014, Petitioner filed objections. (Id. at Dkt. 88.) On September 10, 2014, the Court adopted the Report and Recommendation and dismissed the petition with prejudice. (Id. at Dkt. 90, 91.) The Court also declined to issue a certificate of appealability under 28 U.S.C. § 2253(c)(2). (Id. at Dkt. 92.) Petitioner appealed on October 8, 2014. (Id. at Dkt. 94.) The Ninth Circuit denied Petitioner's request for a certificate of appealability on June 26, 2015. (Id. at Dkt. 100.) Petitioner also filed a petition for writ of mandamus, which the Ninth Circuit denied on February 26, 2015. (Dkt. 99.)

## II.

## DISCUSSION

The instant Petition raises one claim for relief. Petitioner contends that the District Attorney failed to disclose "a crucial piece of evidence," violating the prosecutor's duty to disclosure material evidence to the defense under Brady, 373 U.S. 83.

The Petition is governed by 28 U.S.C. § 2244(b), which provides in pertinent

---

exhaust the entirety of the petition. (2:14-cv-05300-FMO, Dkt. 18). The requirements for filing second or successive petitions when an earlier petition was dismissed without prejudice do not apply. In re Turner, 101 F.3d 1323 (9th Cir. 1996). Therefore, this earlier petition does not affect the Court's analysis.

3

part as follows:

>(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
>(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

The Petition constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior federal habeas petition, within the meaning of 28 U.S.C. § 2244(b). Even if Petitioner contends that he is entitled to an exception under Section 2244(b)(2)(B)(i) because newly discovered evidence underlies the factual predicate of his <u>Brady</u> claim, he must first secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing

4

1  of the instant Petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner's failure to secure an
2  order from the Ninth Circuit deprives this Court of subject matter jurisdiction.
3  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S.
4  984 (2003).

5        IT IS THEREFORE ORDERED that this action be summarily dismissed
6  without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
7  the United States District Courts.

8        LET JUDGMENT BE ENTERED ACCORDINGLY.

10  DATED:  March 31, 2017

12        JAMES V. SELNA
13        UNITED STATES DISTRICT JUDGE

14  Presented by:

16  KAREN E. SCOTT
17  United States Magistrate Judge